UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EASTMAN KODAK COMPANY,

    Plaintiff and Counterclaim Defendant,

v.

ASIA OPTICAL COMPANY, INC.,

    Defendant and Counterclaimant.

ASIA OPTICAL COMPANY, INC.,

    Third-Party Plaintiff,

v.

FUJIFILM HOLDINGS CORPORATION,
FUJIFILM CORPORATION, and
FUJIFILM NORTH AMERICA CORPORATION,

    Third-Party Defendants.

Case No. 11-CV-6036 (DLC)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THIRD-PARTY DEFENDANTS' MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT**

<u>**ORAL ARGUMENT REQUESTED**</u>

Of Counsel:
Steven J. Routh
Sten A. Jensen
Jordan L. Coyle
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

Clifford R. Michel
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

*Attorneys for Third-Party Defendants FUJIFILM
Holdings Corp., FUJIFILM Corp., and FUJIFILM
North America Corp.*

# **TABLE OF CONTENTS**

I.    COLLATERAL ESTOPPEL PRECLUDES AO'S SUIT AGAINST FHC AND FC ....... 1

II.   FHC AND FC ARE NOT SUBJECT TO PERSONAL JURISDICTION ......................... 3

      A.    FHC and FC Did Not Contract to Supply a Service in New York ......................... 4

      B.    FHC and FC Did Not "Transact Business" in New York ....................................... 6

      C.    Jurisdictional Discovery Is Still Not Warranted ....................................... 8

III.  THE DOCTRINE OF *FORUM NON CONVENIENS* MANDATES DISMISSAL ........... 9

IV.  AO HAS FAILED TO STATE A CLAIM AGAINST FNAC ......................................... 10

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Andros Compania Maritima S.A. v. Intertanker Ltd.*,
   714 F. Supp. 669 (S.D.N.Y. 1989) ....................................................................................... 2

*Colonomos v. Ritz-Carlton Hotel Co.*,
   No. 98 CV 2633, 2002 U.S. Dist. LEXIS 7315 (S.D.N.Y. Apr. 24, 2002) ............................ 3

*Como v. Commerce Oil Co.*,
   607 F. Supp. 335 (S.D.N.Y. 1985) ....................................................................................... 5

*Cont'l Field Serv. Corp. v. ITEC Int'l, Inc.*,
   894 F. Supp. 151 (S.D.N.Y. 1995) ....................................................................................... 5

*Doppelt v. Perini Corp.*,
   No. 01 Civ. 4398, 2002 U.S. Dist. LEXIS 4128 (S.D.N.Y. Mar. 12, 2002),
   *aff'd*, 53 F. App'x 174 (2d Cir. 2002) .................................................................................. 3

*Eaton v. Weaver Mfg. Co.*,
   582 F.2d 1250 (10th Cir. 1978) ............................................................................................ 2

*Excel Shipping Corp. v. Seatrain Int'l S.A.*,
   584 F. Supp. 734 (E.D.N.Y. 1984) ..................................................................................... 10

*Ginsberg v. Gov't Props. Trust, Inc.*,
   No. 07 Civ. 365, 2007 WL 2981683 (S.D.N.Y. Oct. 10, 2007) ........................................... 2

*Grove Valve & Regulator Co. v. Iranian Oil Servs. Ltd.*,
   87 F.R.D. 93 (S.D.N.Y. 1980) .............................................................................................. 8

*Irish Lesbian & Gay Org. v. Giuliani*,
   143 F.3d 638 (2d Cir. 1998) ................................................................................................. 2

*Klinghoffer v. S.N.C. Achille Lauro*,
   937 F. 2d 44 (2d Cir. 1991) .................................................................................................. 2

*Lehman v. Humphrey Cayman, Ltd.*,
   713 F.2d 339 (8th Cir. 1983) .............................................................................................. 10

*Leibowitz v. Cornell Univ.*,
   584 F.3d 487 (2d Cir. 2009) ............................................................................................... 10

*Navaera Scis. LLC v. Acuity Forensic Inc.*,
   667 F. Supp. 2d 369 (S.D.N.Y. 2009) .................................................................................. 7

## TABLE OF AUTHORITIES
(cont'd)

**Page(s)**

*New Haven Inclusion Cases*,
   399 U.S. 392 (1970) ................................................................................................................ 2

*Olympic Corp. v. Societe Generale*,
   462 F.2d 376 (2d Cir. 1972) .................................................................................................. 10

*Pieczenik v. Cambridge Antibody Tech. Group*,
   No. 03 Civ. 6336, 2004 WL 527045 (S.D.N.Y. Mar. 16, 2004) ............................................. 6

*Pohlman v. Bil-Jax, Inc.*,
   176 F.3d 1110 (8th Cir. 1999) ............................................................................................ 1-2

*Sokolow v. Palestine Liberation Organization*,
   583 F. Supp. 2d 451 (S.D.N.Y. 2008) .................................................................................... 2

*Wilhelmshaven Acquisition Corp. v. Asher*,
   810 F. Supp. 108 (S.D.N.Y. 1993) ........................................................................................ 6

*World-Wide Volkswagen v. Woodson*,
   444 U.S. 286 (1980) ............................................................................................................... 7

### STATE CASES

*C-Life Group Ltd. v. Generra Co.*,
   652 N.Y.S.2d 41 (N.Y. App. Div. 1997) ............................................................................... 7

*Cerberus Capital Mgmt., L.P. v. Snelling & Snelling, Inc.*,
   No. 60045/2005, 2005 WL 4441899 (Sup. Ct. N.Y. Dec. 19, 2005) ...................................... 7

*Copp v. Ramirez*,
   874 N.Y.S.2d 52 (N.Y. App. Div. 2009) ............................................................................... 8

*Ferrante Equip. Co. v. Lasker-Goldman Corp.*,
   258 N.E.2d 202 (N.Y. 1970) .............................................................................................. 5, 6

*Ins. Co. of N. Am. v. EMCOR Group, Inc.*,
   781 N.Y.S.2d 4 (N.Y. App. Div. 2004) ................................................................................. 8

*Liberatore v. Calvino*,
   742 N.Y.S.2d 291 (N.Y. App. Div. 2002) ............................................................................. 6

*Presidential Realty Corp. v. Michael Square W., Ltd.*,
   376 N.E.2d 198 (N.Y. 1978) .................................................................................................. 6

# TABLE OF AUTHORITIES
(cont'd)

**Page(s)**

*Samsung Am., Inc. v. GS Indus. Inc.*,
　717 N.Y.S.2d 595 (N.Y. App. Div. 2000) ........................................................................... 6-7

*Spencer Laminating Corp. v. Denby*,
　783 N.Y.S.2d 220 (N.Y. Civ. Ct. 2004) ................................................................................. 9

**STATUTES**

N.Y. C.P.L.R. 301 ............................................................................................................................3, 9

N.Y. C.P.L.R. 302 ........................................................................................................................ *passim*

N.Y. C.P.L.R. 3211(d) ........................................................................................................................8

**OTHER AUTHORITIES**

18A Wright, Miller & Cooper,
　Fed. Practice & Procedure:  Jurisdiction 2d § 4433 (2d ed. 2002) ...........................................2

46 Am. Jur. 2d Judgments § 631 ........................................................................................................2

In its Opposition, Plaintiff Asia Optical Co., Inc. ("AO") misstates and overstates numerous "facts" that FUJIFILM will correct in this Reply.  Even if true, none of those allegedly "new" facts would support AO's request that this Court reconsider or override the New York Supreme Court's reasoned dismissal of a complaint that is virtually identical to the one AO filed in this Court; moreover, AO's claim that it was deprived of a full and fair opportunity to litigate the state court case rings hollow in light of its failure to appeal that dismissal.

This Court lacks personal jurisdiction over FUJIFILM with respect to AO's claims, as Supreme Court Justice Oing ruled last summer.  This is a breach of contract case, based solely on alleged oral "promises" by a Japanese corporation, FUJIFILM Corporation ("FC"), to a Chinese corporation, AO.  The alleged oral contract arises out of a written contract between these companies that is governed by Japanese law and has nothing to do with New York.  (Imai Decl. ¶¶ 16-17 & Ex. 1 (English translation at 9).)  That AO has discovered contacts with Kodak, a New York company, does not change the fact that the Third Party Complaint arises out of promises allegedly made in Asia by one Asian company to another Asian company.

Finally, the case against FUJIFILM North America Corp., ("FNAC"), the only new FUJIFILM defendant in this Court, should be dismissed because AO has made *no* attempt to state a claim against it.  AO has no good faith basis for asserting any claim against FNAC.

## I.   COLLATERAL ESTOPPEL PRECLUDES AO'S SUIT AGAINST FHC AND FC

AO attempts to evade the preclusive effect of the state court's dismissal by arguing that "new facts" and "new circumstances" prevent an identity of issues (Opp'n at 11-12), but this argument rests on a misunderstanding of the law.  A federal court may reexamine personal jurisdiction when "subsequent events . . . create a new legal situation," not when old facts are alleged for the first time in an effort to evade a state court order.  *See Pohlman v. Bil-Jax, Inc.*,

176 F.3d 1110, 1113 (8th Cir. 1999) (citing 46 Am. Jur. 2d Judgments § 631).[1] For example, when a defendant moves into the forum state after the dismissal of the first suit and is served with process there, the courts of the forum state "would indisputably have personal jurisdiction over defendant in the [second] suit because the critical jurisdictional facts had changed." *Id.* Here, all of AO's "new facts" are years old, except for the patent litigation between Kodak and FUJIFILM. FUJIFILM's involvement in litigation in New York, however, is not considered "doing business" here under the State long-arm statute. *See Klinghoffer v. S.N.C. Achille Lauro*, 937 F. 2d 44, 50 n.5 (2d Cir. 1991) ("A party's consent to jurisdiction in one case, however, extends to that case alone."); *Ginsberg v. Gov't Props. Trust, Inc.*, No. 07 Civ. 365, 2007 WL 2981683, at *5 n.2 (S.D.N.Y. Oct. 10, 2007) (same) (citing *Andros Compania Maritima S.A. v. Intertanker Ltd.*, 714 F. Supp. 669, 675 (S.D.N.Y. 1989)).

AO did not appeal the state court's orders, so it cannot now claim to have been deprived of a full and fair opportunity to litigate the jurisdictional issue. *See, e.g.*, *New Haven Inclusion Cases*, 399 U.S. 392, 481 (1970); *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 646 (2d Cir. 1998) ("ILGO did have a full and fair opportunity . . . in that it could have appealed the district court's dismissal of the facial challenge."); *Eaton v. Weaver Mfg. Co.*, 582 F.2d 1250, 1256-57 (10th Cir. 1978) ("[F]inal and unappealed state court judgments involving the same claims serve as res judicata as between the parties to the prior action as to all questions that were *or could have been litigated* in the first case." (emphasis added)); *see also* 18A Wright, Miller & Cooper, Fed. Practice & Procedure: Jurisdiction 2d § 4433, at 71 (2d ed. 2002) ("[P]reclusion cannot be defeated by electing to forgo an available opportunity to appeal.").

---

[1] AO relies on *Sokolow v. PLO*, 583 F. Supp. 2d 451 (S.D.N.Y. 2008), but that case actually favors dismissal of this action. The *Sokolow* court conducted its own personal jurisdiction analysis "because [personal jurisdiction] is dependent upon the defendants' contacts with the State at the time the lawsuit was commenced." *Id*. at 460. The only recent forum contact alleged by AO is FUJIFILM's litigation with Kodak, which is irrelevant. *See supra*.

2

## II.    FHC AND FC ARE NOT SUBJECT TO PERSONAL JURISDICTION

AO's complaint against FHC and FC should be dismissed, even independent of the issue preclusion bar to this case.  "[T]he Court still must have personal jurisdiction over [the third-party] defendant in order to adjudicate the claims brought against [FHC and FC]."  *Colonomos v. Ritz-Carlton Hotel Co.*, No. 98 CV 2633, 2002 U.S. Dist. LEXIS 7315, at *13 (S.D.N.Y. Apr. 24, 2002).  Just as it did in state court, AO again has abandoned reliance on New York's general jurisdiction statute, N.Y. C.P.L.R. 301, and relies solely on N.Y. C.P.L.R. 302(a)(1).  (Opp'n at 14-19.)  Accordingly, it is not sufficient for AO to argue that this court has personal jurisdiction over FHC and FC by alleging that Kodak's claims against AO and AO's claims against FHC and FC are "based on the same common nucleus of operative facts and form part of the same case." *Doppelt v. Perini Corp.*, No. 01 Civ. 4398, 2002 U.S. Dist. LEXIS 4128, at *11 (S.D.N.Y. Mar. 12, 2002), *aff'd*, 53 F. App'x 174 (2d Cir. 2002).

AO's suit arises out of a single alleged contract:  FUJIFILM's alleged promise to AO to resolve AO's patent dispute with Kodak.  (Compl. ¶¶ 35-46.)  There is *not a single allegation or fact*, however, showing that FUJIFILM and AO interacted with each other in New York.  Indeed, the exhibits to AO's opposition reference *a single meeting* between FUJIFILM and AO and it took place at AO's Taiwan headquarters.  (*See* Chia Ex. H.)  Further, the only *two pieces of correspondence* between FC and AO in the record were sent from Japan to AO in either China or Taiwan.  (*See* Chia Ex. E; Padmanabhan Ex. 4.)  With no evidence of even one transaction between FHC/FC and AO in New York, AO attempts to manufacture a connection to New York through FC's dealings with Kodak.  (Opp'n at 12.)  Justice Oing in the Supreme Court saw right through this:  "[Y]ou're trying to create jurisdiction and the jurisdiction here is between Kodak and Fuji.  I don't see the jurisdiction.  You're trying to . . . bootstrap Fuji's and Kodak's

3

relationship into a personal jurisdiction for you." (Michel Decl. Ex. I at 17-18.) Justice Oing was correct and the same result should hold true here.

### A. FHC and FC Did Not Contract to Supply a Service in New York

AO asserts that FHC and FC projected themselves into New York to resolve AO's dispute with Kodak. (Opp'n at 14-15.) Asia Optical's own exhibits tell a different story. First, two months after Mr. Ikenoue asked Kodak to direct to FUJIFILM future correspondence regarding Kodak's dispute with Asia Optical (Chia Ex. A), Kodak wrote to AO to remind it "that this is a contractual issue between Kodak and Asia Optical and [Kodak will] work directly with Asia Optical to resolve the situation." (Chia Ex. B.) Kodak then informed AO that Mr. Ikenoue "acknowledged [his] understanding of Kodak's position" and asked AO to perform its obligations under the Kodak-AO contract. (*Id.*)

Second, Kodak and AO viewed their dispute as a contractual matter between themselves and not only told FUJIFILM "to stay out of" their negotiations (Chia Ex. G), but also actively concealed information about their negotiations from FUJIFILM; FUJIFILM, in fact, had "no say in the content of [the Standstill] Agreement." (Chia Ex. E.) For example, five months after the above correspondence, AO wrote to Kodak to "remind [Kodak] again that this is an extremely confidential issue between Kodak and Asia Optical that should not be exposed to [FUJIFILM]." (Chia Ex. D; *see also* Chia Ex. G ("[FUJIFILM] had absolutely no involvement in the [standstill] agreement or its terms.").) Kodak and AO even made concealment from FUJIFILM a term of their Standstill Agreement. (Chia Ex. F ¶ 6(b).)

Third, FUJIFILM and Kodak have been negotiating a cross-license for decades and met on several occasions in Tokyo and New York as part of those negotiations; as such, any discussion of AO would have been minor and incidental to the greater business issues between the companies. (Imai Decl. ¶ 19.) AO contends that FUJIFILM met with Kodak in Tokyo in

4

April 2006, March 2007, and June 2007.[2]  (Opp'n at 7-8.)  Contrary to AO's assertion, there is no indication from Kodak's presentation at the March 2007 meeting that Kodak and FUJIFILM discussed AO.  (*See* Opp'n at 8 (citing Padmanabhan Ex. 9).)  Also contrary to AO's assertion, neither the draft patent license agreement nor the term sheet FUJIFILM and Kodak exchanged in April 2007 "confirm[] that the parties were still discussing a resolution of the Asia Optical dispute."  (*See* Opp'n at 8 (citing Padmanabhan Ex. 11 at 2392; Padmanabhan Ex. 12 at 2408).)[3]

Even if the Court were to credit AO's distorted version of the facts, FC's business transactions are legally insufficient to confer personal jurisdiction here.  FHC and FC are domiciled in Japan, maintain no offices, bank accounts, or telephone listings in New York, and there is no evidence that they solicit business in New York or enter this state in connection with their dealings with AO.  Moreover, all of their dealings with AO have occurred in Asia, not in New York.  (*See* Chia Exs. E, H; Imai Decl. ¶¶ 15-16.)  Jurisdiction does not lie in situations like this.  *See Cont'l Field Serv. Corp. v. ITEC Int'l, Inc.*, 894 F. Supp. 151, 153-54 (S.D.N.Y. 1995).

AO attempts to circumvent the absence of any dealings between it and FUJIFILM in New York by attempting to draw Kodak into the AO-FUJIFILM dispute.  AO's standstill agreement with Kodak is irrelevant because "[Fujifilm] had absolutely no involvement in the agreement or its terms."  (Chia Ex. G)  Also, AO's attempt to create jurisdiction over FHC and FC by painting FUJIFILM as AO's agent (Opp'n at 16-17) fails because AO has not shown that FC's instate activity benefited AO or that AO exercised any control over FC.  *See Como v. Commerce Oil Co.*, 607 F. Supp. 335, 340 (S.D.N.Y. 1985); *cf. Ferrante Equip. Co. v. Lasker-Goldman Corp.*,

---

[2] AO's invective about FUJIFILM's statement that it could have negotiated with Kodak in Japan (Opp'n at 15, n.5) is itself "risible" in light of the *three meetings* AO discusses between Kodak and FUJIFILM *in Tokyo*.  (*Id.* at 7-8.)

[3] In fact, Kodak's release covers FUJIFILM's subsidiaries, distributors, and customers, but not contract manufacturers as the parties' 1995 Agreement did.  (*Compare* Padmanabhan Ex. 11 § 2.1 *with* Padmanabhan Ex. 5 § 3.4.)

258 N.E.2d 202, 205 (N.Y. 1970); *Pieczenik v. Cambridge Antibody Tech. Group*, No. 03 Civ. 6336, 2004 WL 527045, at *7 (S.D.N.Y. Mar. 16, 2004) (granting motion to dismiss for lack of personal jurisdiction where plaintiff premised his jurisdictional arguments on contracts defendant entered into with third parties in New York).

AO has failed to allege any transaction by FHC or FC in New York that is sufficient to sustain jurisdiction over them. *Ferrante Equip.*, 258 N.E.2d at 205. Meetings between FUJIFILM and Kodak that did not result in a signed agreement do not confer jurisdiction over them in an action by AO. *Presidential Realty Corp. v. Michael Square W., Ltd.*, 376 N.E.2d 198, 199 (N.Y. 1978) ("[P]hysical presence alone cannot talismanically transform any and all business dealings into business transactions under CPLR 302(a)(1)."). In addition, "telephone and mail contacts do not provide a basis for jurisdiction under CPLR § 302(a)(1) unless the defendant projected himself by those means into New York in such a manner that he purposefully availed himself . . . of the benefits and protections of its laws." *Wilhelmshaven Acquisition Corp. v. Asher*, 810 F. Supp. 108, 112 (S.D.N.Y. 1993).[4]

### B.   FHC and FC Did Not "Transact Business" in New York

FC's negotiations *with Kodak* in New York (Opp'n at 18) fail to confer jurisdiction over FHC and FC in New York in a suit *by AO*. *See Samsung Am., Inc. v. GS Indus. Inc.*, 717 N.Y.S.2d 595, 596 (N.Y. App. Div. 2000). In *Samsung*, plaintiff asserted personal jurisdiction on the basis of a four-day meeting in New York attended by non-domiciliary defendants, but not plaintiff, who was not a signatory to any of the four documents that were discussed at the New York meeting. Accordingly, the court affirmed the dismissal for lack of personal jurisdiction,

---

[4] FHC and FC have not repeatedly and purposefully availed themselves of the benefits and protections of New York law as the defendant did in *Liberatore v. Calvino*, 742 N.Y.S.2d 291 (N.Y. App. Div. 2002). (*See* Opp'n at 16-17.)

6

ruling that the meeting "did not constitute the kind of purposeful activity within the State that would subject those defendants to jurisdiction pursuant to CPLR 302." *Id.*

To confer jurisdiction based on contract negotiations in New York, the negotiations must lead to the execution of a contract, *and* the negotiations must have a substantial nexus to the plaintiff's cause of action. *Navaera Scis. LLC v. Acuity Forensic Inc.*, 667 F. Supp. 2d 369, 375 (S.D.N.Y. 2009)[5]; *see C-Life Group Ltd. v. Generra Co.*, 652 N.Y.S.2d 41, 41 (1st Dep't 1997).[6] As to the first prong, the current litigation between FUJIFILM and Kodak is proof that negotiations did not lead to the execution of a contract. In fact, AO's second cause of action is premised on the fact that FUJIFILM "fail[ed] to resolve the dispute regarding the Fuji DSCs directly with Kodak." (Compl. ¶ 43.) To the extent AO is referring to negotiations between AO and FUJIFILM, AO does not allege that *any of* these negotiations occurred in New York, much less resulted in the formation of a contract here. As to the second prong, AO fails to allege a specific nexus between the FUJIFILM/Kodak negotiation and the resolution of AO's dispute with Kodak. AO alleged that it manufactures four of FUJIFILM's digital cameras. (Compl. ¶ 19; Imai Decl. ¶ 16.) Accordingly, any discussion of AO cameras would be minor and tangential in relation to FUJIFILM's negotiations with Kodak as a whole.[7]

---

[5] AO claims that *Navaera* "does not accurately state New York law" (Opp'n at 18 n.6), but according to Lexis's Shepard's® database, *Navaera* has not been overruled or distinguished.

[6] AO's reliance on *Cerberus* (Opp'n at 18-19) also misses the mark, because defendant "clearly contracted to use [its agent's] New York office in order to seek, among other things, corporate restructuring opportunities here." *Cerberus Capital Mgmt., L.P. v. Snelling & Snelling, Inc.*, No. 60045/2005, 2005 WL 4441899, at *10 (Sup. Ct. N.Y. Dec. 19, 2005). Here, FHC and FC do not maintain a New York office and did not avail themselves of New York law.

[7] As explained in FUJIFILM's motion, exercising jurisdiction over FHC and FC would violate constitutional due process. (Mot. at 19-20.) Just as in *World-Wide Volkswagen*, AO's unilateral activity of entering into a standstill agreement with Kodak cannot confer jurisdiction over FHC and FC in New York. *See World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 298 (1980).

### C. Jurisdictional Discovery Is Still Not Warranted

"In order to obtain jurisdictional discovery pursuant to C.P.L.R. 3211(d), plaintiffs must demonstrate the possible existence of essential jurisdictional facts that are not yet known." *Copp v. Ramirez*, 874 N.Y.S.2d 52, 59-60 (N.Y. App. Div. 2009). Where a plaintiff makes no threshold showing that discovery might uncover a basis for jurisdiction, it is not proper to permit discovery. *Ins. Co. of N. Am. v. EMCOR Group, Inc.*, 781 N.Y.S.2d 4, 6 (N.Y. App. Div. 2004); *Grove Valve & Regulator Co. v. Iranian Oil Servs. Ltd.*, 87 F.R.D. 93, 96 n.8 (S.D.N.Y. 1980). Again, Justice Oing already considered and then reconsidered AO's requests for jurisdictional discovery under these State law standards, and he denied those requests. (Michel Decl. Exs. I, J.)

AO has not made a threshold showing that the discovery it requests would uncover a basis for specific personal jurisdiction under N.Y. C.P.L.R. 302(a)(1). The only discovery relevant to specific jurisdiction would be evidence of contacts between FUJIFILM and AO in New York. As AO well knows, there are no such contacts. Even if there were, documents relating to such contacts would be in AO's possession, and it would therefore have no need for discovery.[8] AO asserts under its red herring and legally flawed theory of jurisdiction, that FUJIFILM's contacts with Kodak in New York are relevant. For the reasons discussed above, these communications are entirely irrelevant because they lack the required nexus to the dispute to confer jurisdiction under N.Y. C.P.L.R. 302(a)(1). Even if these contacts were relevant, documents relating thereto would be in Kodak's possession, and AO already obtained discovery from Kodak in the underlying litigation. Accordingly, there is no justification for AO to undertake additional discovery from FUJIFILM.

---

[8] It is telling that AO has identified only two pieces of relevant correspondence between it and FUJIFILM and both involve communications between FUJIFILM in Japan and AO in either China or Taiwan (*see* Chia Ex. E; Padmanabhan Ex. 4).

8

AO has abandoned any reliance on § 301, and it does not even argue that FC or FHC is "present" and "doing business" in New York.  Instead, AO seeks to impute to FHC and FC the contacts with New York by various FUJIFILM U.S.-based entities.  That argument fails because AO does not allege any nexus at all between these U.S. entities and the dispute with AO or Kodak; nor does it advance a credible theory by which discovery from and about these entities would confer general jurisdiction over FHC and FC.  *See Spencer Laminating Corp. v. Denby*, 783 N.Y.S.2d 220, 224-25 (N.Y. Civ. Ct. 2004).  FHC and FC have averred that they maintain and respect proper corporate formalities and distinctions with respect to the U.S. subsidiaries (Imai Aff. ¶¶ 13-15), and AO has not offered a shred of evidence to cast doubt on that fact.

## III.   THE DOCTRINE OF *FORUM NON CONVENIENS* MANDATES DISMISSAL

Litigating this dispute in New York would be unduly burdensome for FUJIFILM, for the Court (which would have to supervise extensive discovery in Asia), and for the key witnesses (all of whom are in Asia).  First, FUJIFILM contracted with AO to have all disputes resolved in Japan under Japanese law.  (Imai Ex. 1 at Arts. 26, 28.)  Allowing the case to proceed here would deprive FUJIFILM of the benefit of its sensible bargain with AO.  Second, that FUJIFILM sued Kodak here is irrelevant because FUJIFILM had to choose a forum with jurisdiction over Kodak.  Third, FUJIFILM's U.S. subsidiaries are irrelevant, as those entities are legally separate and, with the exception of FNAC (discussed below), are not parties to this action.  Further, Mr. Ikenoue is not, and never has been "Senior Vice President with one of Fujifilm's New York 'marketing subsidiaries.'"[9]  Finally, contracts and correspondence between AO and FUJIFILM will be central to the litigation, and these documents are drafted in an Asian language, maintained in Asia, and subject to the laws of an Asian country.  (*See, e.g.*, Imai Decl. Ex. 1.)

---

[9] This assertion is contradicted by AO's own complaint, which alleges that Mr. Ikenoue "was at all relevant times a Director and Corporate Vice President of Fuji Photo Film."  (Compl. at ¶ 13.)

9

That this is a third-party dispute carries less weight here (Opp'n at 23-24 (citing *Excel Shipping Corp. v. Seatrain Int'l S.A.*, 584 F. Supp. 734, 742-43 (E.D.N.Y. 1984))) because the underlying and third-party claims can be "readily separated," as Kodak and AO made clear when they excluded FUJIFILM from their negotiations.  *Excel*, 584 F. Supp. at 743; *see also Olympic Corp. v. Societe Generale*, 462 F.2d 376, 379 (2d Cir. 1972); *Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d 339, 343-44 (8th Cir. 1983).  Moreover, the Court has already resolved the Kodak/AO liability issues and has set a schedule to resolve the damages issues no later than July 2012.  Accordingly, AO will not suffer any hardship if its claims against FUJIFILM are resolved in Asia (where FUJIFILM and AO agreed to resolve all disputes) rather than New York.[10]

## IV.    AO HAS FAILED TO STATE A CLAIM AGAINST FNAC

AO's claim against FNAC is frivolous.  AO has not identified any facts connecting FNAC to this dispute in any way, and it has apparently abandoned the breach of contract claim alleged in its complaint against FNAC.  In its place, AO relies solely on a novel assertion that FNAC could be liable to AO under an unjust enrichment theory solely because it profited from the sale of cameras manufactured by AO.  This theory has no support in the law.[11]  AO cites only one case to support its position, but the *Leibowitz* decision (Opp'n at 25) is completely inapposite.  In that case, the court merely recited the elements of an unjust enrichment claim and then affirmed the dismissal of plaintiff's claims.  *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 509-10 (2d Cir. 2009).

---

[10] Contrary to AO's assertion, the true "center of this dispute" (Opp'n at 24) is whether FUJIFILM made an enforceable promise to AO to indemnify it for any royalty claims asserted by Kodak.  Resolving that issue presents a question of Japanese law and does not require resort to any agreement between Kodak and AO.

[11] Under AO's theory, it could bring a tag-along unjust enrichment claim against any of FC's subsidiaries as long as those subsidiaries sold AO's cameras.  Such a theory is not only unsupported in the law, it is absurd.

10

Dated: New York, New York
April 3, 2012

Respectfully submitted,
ORRICK, HERRINGTON & SUTCLIFFE LLP


By: */s/ Clifford R. Michel*
     Clifford R. Michel

51 West 52nd Street
New York, New York  10019-6142
Telephone:  (212) 506-5000
Facsimile:  (212) 506-5151
E-mail:  cmichel@orrick.com

Of Counsel:

Steven J. Routh
Sten A. Jensen
Jordan L. Coyle
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 339-8400
Facsimile:  (202) 339-8500
E-mail:  srouth@orrick.com
            sjensen@orrick.com
            jcoyle@orrick.com

*Attorneys for Third-Party Defendants FUJIFILM Holdings Corp., FUJIFILM Corp., and FUJIFILM North America Corp.*

11