# WINTHROP WEINSTINE

ATTORNEYS AND COUNSELORS AT LAW

May 16, 2012

5/17/2012

Devan V. Padmanabhan
Direct Dial: (612) 604-6748
Direct Fax: (612) 604-6948
dpadmanabhan@winthrop.com

**Via Federal Express**
The Honorable Denise Cote
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Rm. 1610
New York, NY 10007



**MEMO ENDORSED**

Re: Eastman Kodak Co. v. Asia Optical Co., Inc.
Asia Optical Co., Inc. v. Fujifilm Holdings Corp., et al
Case No. 11-cv-6036 (DLC)

Dear Judge Cote:

We represent Defendant and Third-Party Plaintiff Asia Optical Company, Inc. ( "Asia Optical") in the above-captioned law suit. We write regarding procedural and scheduling issues concerning this three-party dispute among Kodak, Asia Optical, and Fujifilm. Kodak sued Asia Optical for breach of contract and Asia Optical has filed a third party complaint for indemnification against Fujifilm.

First, because Asia Optical's third-party action against Fujifilm is inextricably related to the dispute with Kodak, we respectfully request the opportunity to have Fujifilm's jurisdictional motion – which is fully briefed – argued and decided as soon as possible. Fujifilm objected to participating in the February Settlement Conference while its motion was pending. The Court's ruling on Fujifilm's motion will no doubt provide clarity to all parties, and may impact participation in the July 11 Settlement Conference set by Magistrate Judge Gorenstein.

Second, Asia Optical will shortly file in the Southern District of New York Bankruptcy Court a motion to lift the automatic bankruptcy stay with respect to Asia Optical's counterclaims, so that those may be pursued in this case. Count III of Asia Optical's counterclaim seeks money damages – a refund of all royalties paid to Kodak because there was no meeting of the minds and no contract formed. To the extent the Court believes that certain counterclaims are foreclosed by the Court's March 16 ruling, a lifting of the stay will allow that record to be made clear, and allow Asia Optical to pursue its counterclaims on appeal.

Third, Asia Optical and Kodak are conducting discovery with respect to the damages issues in this case. Asia Optical is striving to complete its document production by May 30. Nevertheless, in the process of collecting documents, Asia Optical has encountered the following difficulties. First, the financial data that Kodak has requested with respect to Asia Optical's sales to Fujifilm is old and must be accessed from an older computer system that has since been

The Honorable Denise Cote
May 16, 2012
Page 2

replaced; pulling that information has been time-consuming. Second, Asia Optical has no centralized database, so the task of collecting the documents that Kodak has requested (particularly, communications between Asia Optical and Fujifilm) must be performed on a computer-by-computer basis. This entails searching for and collecting documents from numerous individual computers. Some of the written or paper documents between Asia Optical and Fuji are stored in Asia Optical's Japan office. These documents are very old and have not been organized or consolidated in one location within the Japanese office. For calculation the net sales price, Asia Optical needs to collect documents to support its deductions; such documents are not centralized and need to be collected from different departments.

Also, at least a portion of the communications between Asia Optical and Fujifilm are in Japanese. Reviewing these documents for relevance, privilege, and production, is necessarily difficult and time-consuming. We have previously discussed with Kodak the difficulty collecting documents from the old computer system, and the lack of a centralized repository for documents.

Fourth, Kodak has indicated that after receipt and review of Asia Optical's documents (some of which are not in English), Kodak intends to have an expert witness address damages. Asia Optical intends to mirror Kodak's approach by retaining an appropriate expert to address the issue of damages and provide a responsive expert report. In order to do so, however, Asia Optical will need at least thirty days after the production of Kodak's expert report. Not only will Asia Optical's expert need time to prepare a response, but portions of Kodak's report may need to be translated into Chinese, so that Asia Optical staff can provide input. Expert discovery will also be necessary.

In view of the need to complete motion practice before Your Honor and also the Bankruptcy Court, the ongoing fact discovery, and the retention of damages experts and expert discovery, we would respectfully request that the Court reconsider the potential for a July trial date, and instead conduct a Rule 16 conference immediately after the jurisdiction and bankruptcy motions are resolved.

Respectfully submitted,

WINTHROP & WEINSTINE, P.A.

*[signature]*

Devan V. Padmanabhan

cc:   Robert J. Gunther, Jr., Esq. (Via Federal Express)
      Michael J. Summersgill, Esq. (Via Federal Express)
      Jordan L. Hirsch, Esq. (Via Federal Express)
      Jonathan W. Woodard, Esq. (Via Federal Express)
      Clifford Michel, Esq. (Via Federal Express)
      Steven J. Routh, Esq. (Via Federal Express)

6924992v1

*[Handwritten note:] Denied. The case remains on the July 23, 2012 trial ready calendar. /s/ Denise Cote May 17, 2012*