UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EASTMAN KODAK COMPANY,

Plaintiff, Judgment-Creditor,

v.

ASIA OPTICAL CO, INC.,

Defendant, Judgment-Debtor.

---

[handwritten date: 7/30/2015]

Civil Action No. 11-cv-6036-DLC

## [PROPOSED] ORDER FOR PERMANENT INJUNCTION

Plaintiff Eastman Kodak Company ("Kodak") moved for an Anti-Suit Injunction seeking to permanently enjoin Defendant Asia Optical Co., Inc. ("AO") from proceeding with a lawsuit filed against Kodak in Shenzhen China on July 28, 2014 (Case No. (2014) Shen Zhong Fa Zhi Ming Chu Zi No. 00525) (the "Chinese Lawsuit") in which AO is seeking to recover license fees that were paid to Kodak pursuant to this Court's Final Judgment. (Dkt. No. 162.)

For the reasons set forth in the Court's July 23, 2015 Opinion and Order granting Kodak's Motion for Anti-Suit Injunction (Dkt. No. 179), AO, on behalf of itself and any subsidiaries, divisions, predecessors, successors, predecessors-in-interest, successors-in-interest, or affiliates, ~~is hereby ORDERED to~~ shall:

(i) File within five (5) business days from the entry of this Order a request with the Chinese Court seeking the full and final dismissal with prejudice of all claims asserted against Kodak in the Chinese Lawsuit (including those asserted by AO's subsidiary Sintai Optical (Shenzhen) Co., Ltd.), the request including a statement by Asia Optical that all disputed issues in the Chinese Lawsuit have been fully and finally resolved;

[handwritten: and having considered the parties' arguments regarding the terms of this injunction, as set forth in Kodak's letter of 7/29/15, it is hereby Ordered that]

    (ii)    Take any and all further necessary and appropriate steps to obtain the prompt, complete, and final dismissal with prejudice of the Chinese Lawsuit;

    (iii)    Forever refrain from filing or otherwise initiating any lawsuit or other legal proceedings against Kodak anywhere in the world, either directly, indirectly, or through any of its subsidiaries, divisions, predecessors, successors, predecessors-in-interest, successors-in-interest, or affiliates, seeking to recover any of the royalties paid to Kodak pursuant to the Final Judgment (Dkt. No. 162.);

    (iv)    Compensate Kodak for any legal fees and costs incurred by Kodak in defending the Chinese Lawsuit that are incurred starting five (5) business days from the entry of this Order and continuing thereafter for as long as the Chinese Lawsuit remains pending against Kodak;

    (v)    File with this Court within five (5) business days from the entry of this Order a certification stating that: (1) AO will refrain from initiating any lawsuit or legal proceedings against Kodak as set forth in section (iii) above; (2) AO has otherwise fully complied with this Order; and (3) AO accepts that all disputed issues in the Chinese lawsuit have been fully and finally resolved by this Court.

*It is further Ordered that;*

Should AO fail to comply with any provision of this Order, it will immediately be held in contempt and will be required to pay Kodak in the amounts as follows until it fully complies with the Order: $10,000 per business day in the first five business days following AO's failure to comply with any provision of this Order; $25,000 per business day for the sixth to tenth business days following AO's failure to comply with any provision of this Order; and $100,000 per business day beginning the eleventh business day following AO's failure to comply with any

provision of this Order and continuing until such date that AO has fully complied with this Order.[1]

**SO ORDERED:**

Dated: July 30, 2015

_____
Denise L. Cote
United States District Judge

---

[1] These amounts are the same as those imposed against AO in the Court's November 12, 2013 Order Regarding Satisfaction of the Judgment and Unpaid Royalties for any failure by AO to comply with the ordered payment schedule in satisfaction of the Final Judgment. (Dkt. No. 148.)