UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTMAN KODAK COMPANY,<br><br>  Plaintiff, Judgment-Creditor,<br><br>  v.<br><br>ASIA OPTICAL CO, INC.,<br><br>  Defendant, Judgment-Debtor. | Civil Action No. 11-cv-6036-DLC |

**DECLARATION OF MICHAEL J. SUMMERSGILL IN SUPPORT OF EASTMAN KODAK COMPANY'S OPPOSITION TO ASIA OPTICAL COMPANY, INC.'S EMERGENCY MOTION TO STAY PERMANENT INJUNCTION PENDING APPEAL, OR IN THE ALTERNATIVE, FOR TEMPORARY ADMINISTRATIVE STAY**

Robert J. Gunther, Jr.
WILMER CUTLER PICKERING HALE & DORR, LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
robert.gunther@wilmerhale.com

Michael J. Summersgill (*pro hac vice*)
Jordan L. Hirsch (*pro hac vice*)
WILMER CUTLER PICKERING HALE & DORR, LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

*Attorneys for Eastman Kodak Company*

I, Michael J. Summersgill, declare under the laws of the United States as follows:

1.  I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"), counsel for Eastman Kodak Company ("Kodak") in the above-captioned action. I make this declaration in support of Kodak's Opposition to Asia Optical Company, Inc.'s ("AO") Emergency Motion to Stay Permanent Injunction Pending Appeal, or in the Alternative, For Temporary Administrative Stay.  (Dkt. 185.)  I have knowledge of the matters stated in this declaration, and, if called as a witness, I could testify competently thereto.

2.  On January 12, 2015, the above-captioned case was closed after this Court entered final judgment against AO and after full payment was made by AO in satisfaction of that judgment.

3.  On January 16, 2015, AO served on Kodak a complaint filed by AO against Kodak in Shenzhen China on July 28, 2014 (Case No. (2014) Shen Zhong Fa Zhi Ming Chu Zi No. 00525) (the "Chinese Action").

4.  In January 2015, Kodak retained WilmerHale and Chinese counsel at the King & Wood firm to defend itself against the Chinese Action.  Among other things, Kodak has filed a motion challenging the Chinese court's jurisdiction.  That motion has been fully briefed but has not yet been decided.  The Chinese Court has advised Kodak's Chinese counsel that it intends to issue a ruling on Kodak's jurisdictional objection imminently.  We have further been informed that, once Kodak's jurisdictional objection is resolved, the Chinese Action will proceed rapidly to a hearing on the merits, potentially as early as December 2015.

5.  On March 3, 2015, Kodak, through its counsel WilmerHale, requested that the Court reopen this case in the Southern District of New York so that it could file a motion to enjoin AO from pursuing the Chinese Action against Kodak.

6.      Kodak has already incurred over $500,000 in attorneys' fees and costs responding to AO's Chinese Action including in connection with defending itself in the Chinese Action and seeking an anti-suit injunction in this Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.  Executed this 10th day of August 2015.

Dated:     August 10, 2015

*/s/ Michael J. Summersgill*
Michael J. Summersgill
