UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EASTMAN KODAK COMPANY,

    Plaintiff, Judgment-Creditor,

    v.

ASIA OPTICAL CO, INC.,

    Defendant, Judgment-Debtor.

Civil Action No. 11-cv-6036-DLC

**EASTMAN KODAK COMPANY'S RESPONSE TO ASIA OPTICAL COMPANY, INC.'S AMENDED RESPONSE TO THE COURT'S AUGUST 5, 2015 ORDER**

Pursuant to the Court's August 5, 2015 Order instructing the parties to indicate whether they would consent to the issuance of a stay of the injunction subject to the conditions: "(i) that the defendant file by August 14, 2015, a motion for expedited review of its August 3 appeal before the Court of Appeals for the Second Circuit; and (ii) that the defendant withdraw by August 14, 2015, the Chinese complaint without prejudice pending a decision of the Court of Appeals for the Second Circuit on the defendant's August 3 appeal" (Dkt. 189), Eastman Kodak Company ("Kodak") respectfully states as follows:

1. Kodak consents to the conditional stay proposed by the Court in its August 5, 2015 order.

2. Asia Optical Co. Inc.'s ("AO") initial refusal to consent to the conditions (Dkt. 193) – coupled with its history of non-compliance with the Court's Orders – suggests that it may not fully comply with the conditions (or, even if it does initially, that it will not continue to comply). Accordingly, Kodak further requests that: (i) the order issuing the stay include a provision for immediately and automatically lifting the stay if AO at any point is not in full compliance with the conditions; and (ii) the Court require AO to post a one million dollar ($1,000,000) supersedeas bond with the Court prior to issuance of the stay. Kodak has incurred over $500,000

to defend itself against AO's improper Chinese claims and expects to incur far more if the Chinese action is not withdrawn.[1]

Dated: August 11, 2015                    Respectfully submitted,

                                          /s/ Michael J. Summersgill
                                          Robert J. Gunther, Jr.
                                          WILMER CUTLER PICKERING HALE & DORR, LLP
                                          7 World Trade Center
                                          250 Greenwich Street
                                          New York, NY 10007
                                          Tel: (212) 230-8800
                                          Fax: (212) 230-8888
                                          robert.gunther@wilmerhale.com

                                          Michael J. Summersgill (*pro hac vice*)
                                          Jordan L. Hirsch (*pro hac vice*)
                                          WILMER CUTLER PICKERING HALE & DORR, LLP
                                          60 State Street
                                          Boston, Massachusetts 02109
                                          Tel: (617) 526-6000
                                          Fax: (617) 526-5000

                                          *Attorneys for Eastman Kodak Company*

---

[1] Kodak respectfully submits that the amount of the supersedeas bond should correspond in scope to AO's financial obligations under the order for permanent injunction.  Specifically, sections iv-v of the order require that (1) AO compensate Kodak for any legal fees and costs incurred by Kodak in the Chinese lawsuit after the deadline for AO to dismiss that suit and (2) that AO make a hierarchy of payments to Kodak (identified in the order) should AO fail to comply with the injunction.  *See* Fed. R. Civ. P. 62(c) ("[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights").